```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

```
ANTWYNN BEAVERS              :
                             :    NO. 1:04-CR-00060(4)
        Petitioner,          :    CIVIL NO. 1:05-CV-00404
                             :
                             :
   v.                        :    OPINION AND ORDER
                             :
                             :
UNITED STATES OF AMERICA     :
                             :
        Respondent.          :
```

This matter is before the Court on the Petitioner Antwynn Beavers's Motion to Resentence (doc. 316) and the Government's Response to Petitioner's Motion to Vacate Sentence (doc. 318). Petitioner requests the Court resentence him pursuant to 28 U.S.C. § 2255, taking into consideration the Supreme Court's decisions in United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L. Ed.2d 621 (2005) and Blakely v. Washington, 524 U.S. 296 (2004). For the reasons stated below, the Court denies Petitioner's request.

28 U.S.C. § 2255 states in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Petitioner notes that he is a prisoner in custody under sentence of this Court, having pleaded guilty to one count of Conspiracy to Distribute and Possess with the Attempt to Distribute and Attempt to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base in violation fo 21 U.S.C. §§ 846 and 841(a)(1), b(1)(A)(iii), and (b)(1)(B)(ii) (doc. 316).

Petitioner was sentenced to 144 months pursuant to the Federal Sentencing Reform Act of 1984, as amended 18 U.S.C. § 3551 et seq., 28 U.S.C. § 991 et seq. (doc. 316).  Petitioner maintains that this sentence (1) violates the Constitution and laws of the United States, (2) that this Court was without jurisdiction to impose such a sentence, and (3) that the sentence was in excess of the maximum authorized by law (Id.).  Accordingly, argues Petitioner, this Court must vacate, set aside and correct the sentence imposed upon him (Id.).

Petitioner argues that Booker, decided after Petitioner was sentenced, held that (1) the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Commission's Guidelines (hereinafter "Sentencing Guidelines") based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant and (2) provisions of the Sentencing Guidelines which made them mandatory are unconstitutional. Booker at 769.  Ultimately, Booker held that the Sentencing Guidelines

were to be advisory. Id.

Petitioner maintains that the 144 month sentence given to him included enhancements based on the Court's determination of facts that were not found by the jury or admitted by Petitioner (doc. 316). Petitioner claims he admitted to knowingly, willfully, intentionally, and unlawfully conspiring with others to distribute cocaine and cocaine base in the Southern District of Ohio (Id.). He avers that he never admitted to being an organizer, leader, manager, or supervisor in the conspiracy (Id.). In fact, Petitioner notes that he objected to his offense level which was increased by three levels for his alleged leadership role in the conspiracy (Id.).

The United States Probation Office's Pre-Sentence Investigation Report ("PSIR") recommended Petitioner's offense level be increased based upon the determination that there was a "preponderance of the evidence to prove Beavers [Petitioner] managed that activities of [others] during the course of this conspiracy" (Id.). No jury determined these allegations beyond a reasonable doubt, argues Petitioner, as required by Booker (Id.). As a result, the Court imposed a stiffer sentence than constitutionally permitted (Id.).

Petitioner acknowledges that the Sixth Circuit in United States v. Shelton, 400 F.3d 1325 (6th Cir. 2005) ruled that the Supreme Court's decision in Almendarez-Tores v. United States,

523 U.S. 224 (1998) was not abrogated by Booker (doc. 316). Almendarez v. Tores held that the government need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Id. Minor misdemeanor drug convictions are not, argues Petitioner, convictions in Ohio and, as such, do not qualify as "prior convictions" for purposes of enhancing a sentence (doc. 316). Petitioner maintains that a minor marijuana misdemeanor conviction is "not considered a criminal record" (Id.). Petitioner further states, ". . . the United States Government should not be allowed to make criminal what the State of Ohio has deemed to be an offense which is not a considered a criminal record" (Id.).

The Court, avers Petitioner, enhanced his sentence, pursuant to United States v. Stubblefield, 265 F.3d 345 (6th Cir. 2001), one criminal history point for several of these minor misdemeanor drug abuse charges discussed above (Id.). Ohio Revised Code § 2925.11(D) reads:

> Arrest or conviction for a minor misdemeanor violation of this section does not constitute a criminal record and need not be reported by the person so arrested or convicted in response to any inquiries about the person's criminal record, including any inquiries contained in any application for employment, license, or other right or privilege, or made in connection with the persons appearance as witness.

Id. The Court's determination that these minor misdemeanor drug abuse cases amounted to "prior convictions," asserts Petitioner,

-4-

was in violation of his Sixth and Fourteenth Amendment rights (doc. 316). However, <u>Stubblefield</u> held that a minor misdemeanor conviction for possession of less than one hundred grams of marijuana was not an "expunged conviction" and, thus, a district court could consider such convictions as part of a defendant's criminal history. <u>Stubblefield</u> at 347.

      Petitioner asserts that the reasoning in <u>Stubblefield</u> is flawed, but does not ask this Court to reexamine that decision (doc. 316). Rather, Petitioner asks this Court to determine whether a defendant's minor misdemeanor marijuana possession conviction, because it does not constitute a criminal record under Ohio law, should be considered a "prior sentence" under the Sentencing Guidelines (<u>Id</u>.). Petitioner urges the Court to answer this question in the negative (<u>Id</u>.).

      Petitioner avers that a "prior sentence" as defined by the Sentencing Guidelines "means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of <u>nolo contendere</u>, for conduct not part of the instant offense (<u>Id</u>.). Thus, maintains Petitioner, a "prior sentence" must consist of (1) a sentence, (2) imposition of the sentence, and (3) adjudication (<u>Id</u>.). Petitioner maintains that he did not receive a "sentence" for the minor drug abuse misdemeanors at issue (<u>Id</u>.). These minor offenses for which Petitioner was convicted, were as Petitioner names them, "weed tickets" (<u>Id</u>.).

Satisfying a "weed ticket," according to Petitioner, simply involved taking the ticket to the county clerk of court's office and paying the established fine (Id.). Receipt of a "weed ticket" does not require that the recipient appear in court (Id.). Accordingly, argues Petitioner, there was no judgment formally pronounced by a court because he never appeared in court, never saw a judge, and never was pronounced guilty (Id.). Petitioner also argues that the inclusion of the Ohio marijuana possession convictions in Petitioner's criminal history score under the Sentencing Guidelines violates his Ninth and Tenth Amendment rights (Id.).

The Court finds it instructive to recite some additional facts pertinent to this matter. At Petitioner's guilty plea, he accepted the Government's recitation of the Plea Agreement as being true and accurate (doc. 318). Furthermore, Petitioner also admitted that the Statement of Facts, as read by the Special Agent, were correct (Id.). At Petitioner's sentencing, the Court reviewed the report prepared by the probation department along with Petitioner's criminal history (Id.). Petitioner's base offense level was determined to be a 34 (Id.). His base offense level was then increased by two levels for his role in the offense (Id.). A reduction of three levels was then applied for Petitioner's acceptance of responsibility (Id.). A further reduction of three levels was granted pursuant to the Government's motion for a

downward departure (Id.). Petitioner's total offense level ultimately was 30 (Id.).

Petitioner's criminal history category was a III (Id.). Taking into consideration the base offense level of 30 and a criminal history category of III, the imprisonment range was between 121 and 151 months (Id.). The Court, as noted above, sentenced Petitioner to 144 months incarceration to be followed by five years of supervised release (Id.). Additionally, Petitioner was ordered to pay a $2,000.00 fine along with a $100.00 special assessment (Id.). The Court sentenced Petitioner to 151 months if, in the alternative, the constitutionality of the Sentencing Guidelines was called into question by the Supreme Court in Booker. On November 5, 2004, Petitioner filed a Motion to find him indigent and to appoint counsel (Id.). On November 8, 2004, Petitioner's trial counsel filed a notice of appearance for purposes of appeal (Id.).

On January 21, 2005, Petitioner's motion to find him indigent and appoint counsel was denied (Id.). A copy of this Order was filed by the U.S. Court of Appeals for the Sixth Circuit on March 3, 2005 (Id.). On March 22, 2005, the Sixth Circuit filed an Order dismissing Petitioner's appeal for want of prosecution for not paying a required fee (Id.). On March 24, 2005, a copy of the Sixth Circuit's Order was filed with the district court (Id.). On June 13, 2005, Petitioner filed the Motion currently before the

Court (doc. 316).

The Government argues that Petitioner is barred from raising the claims enunciated in his Motion to Vacate because he failed to raise them in his direct criminal appeal (Id.). Additionally, the Government maintains that Petitioner's claims are without merit (Id.). Accordingly, the Government urges this Court to deny Petitioner's motion (Id.).

The Government argues that if any issue could have been raised on direct appeal, the failure to raise it therein precludes review in a section 2255 proceeding unless the Petitioner can show cause for procedural default and actual prejudice resulting from the errors of which Petitioner complains. United States v. Frady, 456 U.S. 152 (1982); Ratliff v. United States, 999 F.2d 1023 (6th Cir. 1993). The Government notes that Petitioner has not provided cause for his failure to raise his current claims while on direct appeal and that failure to do so constitutes a waiver of these claims (doc. 318 citing United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984)). Additionally, the Government maintains that Petitioner was not prejudiced as his claims lack merit (doc. 318).

The Government notes that Petitioner, despite his intention to appeal (evidenced by his filing notice), was dismissed for want of prosecution because he failed to pay the requisite filing fee (Id.). The Government argues that whether the failure

to file said fee was deliberate or inexcusable neglect is irrelevant (Id.). What is relevant, asserts the Government, is that the fee was not paid and, consequently, Petitioner did not take advantage of his first opportunity to raise his claims (Id.). Accordingly, the Government urges the Court to deny Petitioner's motion (Id. citing Peltier v. Henman, 997 F.2d 461, 473 (8th Cir. 1993) citing McCleskey v. Zant, 499 U.S. 467, 489-90 (1991)).

Furthermore, the Government notes that this Court, when sentencing Petitioner, imposed an alternative sentence in the event that the Sentencing Guidelines applicability was later questioned (doc. 318). The Supreme Court in Booker, as noted above, did just that. The Government cites United States v. Barnett, 398 F.3d 516 (6th Cir. 2005), noting that since the alternative sentence was imposed with the supposition that the federal sentencing guidelines were not mandatory, the presumption of prejudice asserted by the Petitioner is rebutted by clear and specific evidence (doc. 318).

The Fourth Circuit, in United States v. Anderson, 124 Fed. Appx. 211 (4th Cir. 2005), the court refused to remand for resentencing in lieu of Booker holding that:

> [B]ecause the alternative sentence the district court pronounced in case the federal sentencing guidelines were invalidated was identical to the mandatory sentence imposed under the federal sentencing guidelines as they existed at that time, any error resulting from the sentence imposed by the district court was harmless.

Id. Furthermore, the Eighth Circuit has concluded that remand is futile when the district court imposed an alternative sentence substantially similar to the sentence imposed by the Sentencing Guidelines. United States v. Thompson, 403 F.3d 533 (8th Cir. 2005) (sentencing judge sentenced defendant to 46 months in jail whether sentencing guidelines were constitutional); but c.f., United States v. Bruce, 413 F.3d 784 (8th Cir. 2005) (holding that a sentence pursuant to the guidelines of 96 months and an alternative sentence of 188 months differed substantially so as to require a remand).

The Sixth Circuit in United States v. Barnett, 398 F.3d 516 (6th Cir. 2005), found remand of a pre-Booker sentence is required absent "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." Barnett at 529-30. Furthermore, in United States v. Christopher, __ F.3d __, 2005 WL 1796193 (6th Cir., July 28, 2005), the Court noted that "when a district court imposes alternative, identical sentences, one under a regime in which Guidelines enhancements are not mandatory, the harmlessness of any Booker error is established." Id. at *3 citing United States v. Strbac, No. 04-4158, 129 F. App'x 235, 237 (6th Cir., Apr. 25, 2005). Here, the record is evident that the Court would not have sentenced defendant to a lower sentence. In fact, the Court would have, absent the mandatory guidelines, sentenced Petitioner to the stiffest sentence within

the applicable guideline range. As such, remand is not appropriate. See Barnett at 529-30.

The Court agrees with the Government. First, the Court finds that Petitioner should have raised his claims on direct appeal; and, absent a showing of cause for his procedural default and prejudice resulting from the alleged errors, Petitioner waives his opportunity to raise these claims. Here, Petitioner has offered no excuse for his failure to raise his current claims on direct appeal. Second, even if Petitioner were to have proffered excuse, he was not prejudiced as his claims lack merit.

Accordingly, Petitioner's Motion to Vacate Sentence is hereby DENIED. Petitioner's original sentence of 144 months followed by five years of supervised release, a $2,000.00 fine, and a special assessment of $100.00 stands.

SO ORDERED.

Dated: August 4, 2005         s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge